IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD WRIGHT, :
:
    Petitioner :
: CIVIL NO. 4:CV-07-1085
:
v. : (Judge McClure)
:
DAVID DIGUGLIELMO, ET AL., :
:
    Respondents :

## **MEMORANDUM**

June 10, 2008

**Background**

This *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed in the United States District Court for the Eastern District of Pennsylvania by Gerald Wright ("Petitioner"), an inmate confined at the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford"). The Eastern District subsequently transferred the matter to this Court.

Wright's action challenged his conviction on charges of second degree murder, robbery (two counts), aggravated assault (two counts), and recklessly endangering another person which resulted from a jury trial in the Dauphin County Court of

Common Pleas.¹ His Petition set forth numerous claims including the following arguments: (1) his sentence violates the prohibition against double jeopardy; (2) the sentence imposed on the lesser offenses is contrary to the standards established in *Brown v. Ohio*, 432 U.S. 161 (1977); (3) all prior counsel were ineffective for failing to pursue his claims of illegal sentence; (4) collateral relief counsel was deficient for not seeking a new trial on the grounds of newly discovered evidence; (5) African-Americans were improperly excluded from the jury; and (6) the trial Court erred by not giving the jury an instruction pursuant to *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954) .

A partial answer to the Petition filed by Respondents argued that Wright was not entitled to federal habeas corpus relief because his petition was untimely. In a Memorandum and Order dated December 3, 2007, this Court correctly noted that the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a one (1) year statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254.² Based upon a thorough

---

¹ Wright was sentenced on August 5, 1997 to a term of life imprisonment with an additional term of 26-52 years to be served concurrently.

² Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:
  (d)(1) A one-year period of limitations shall apply to an
  application for a writ of habeas corpus by a person in
  (continued...)

2

review of the procedural history of Petitioner's state criminal proceedings the Memorandum and Order concluded that Wright's federal habeas corpus petition was initiated outside of the one (1) year period authorized by § 2244(d) and therefore precluded from consideration.

Presently pending is Petitioner's motion seeking reconsideration of the dismissal of his action. *See* Record document no. 9. The motion is ripe for consideration.

## **Discussion**

Petitioner asserts that this Court should reconsider the dismissal of his action due to the presence of "extraordinary circumstances." Record document no. 9, p. 2. He generally contends that the state courts failed to consider newly discovered evidence which would establish his actual innocence.

---

[2](...continued)
>custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>(d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See also*, *Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Wright's conviction was affirmed by the Pennsylvania Superior Court on March 29, 1999. *See Commonwealth v. Wright*, 737 A.2d 1281 (Pa. Super. 1999)(Table). The Pennsylvania Supreme Court subsequently denied Petitioner's request for allowance of appeal on July 15, 1999. *See Commonwealth v. Wright*, 740

A.2d 1147 (Pa. 1999)(Table). His conviction became final for statute of limitation purposes on October 13, 1999, when the ninety (90) day period during which Wright could seek *certiorari* review from the United States Supreme Court (with respect to his direct appeal) expired.[3] *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Consequently, Petitioner had until October 13, 2000 in which to initiate a timely § 2254 petition.

Petitioner's initial action under Pennsylvania's Post Conviction Relief Act ("PCRA") was filed on July 13, 2000 and concluded on February 25, 2004 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Wright*, 844 A.2d 553 (Pa. 2004)(Table). Since Wright's first PCRA action was a properly filed application for post conviction relief, he was entitled to statutory tolling of the statute of limitations for the period in which his PCRA action remained pending before the Pennsylvania state courts (July 13, 2000-February 25, 2004).

Wright filed a second PCRA action on August 17, 2004. By decision dated November 10, 2004, the Court of Common Pleas vacated the sentence imposed with respect to Wright's conviction for robbery of the murder victim but denied relief with

---

[3] Under § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

5

the remainder of the second PCRA petition.  However, on April 4, 2006, the Superior Court vacated the relief granted by the Court of Common Pleas on the basis that the second PCRA action was untimely.  A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on November 8, 2006.  Since Wright's second PCRA action was deemed to be procedurally defaulted, it was not a properly filed application for post conviction relief as contemplated under § 2244(d)(2).[4]  Therefore, Petitioner was not entitled to statutory tolling of the statute of limitations for the period in which his second PCRA action was pending before the Pennsylvania state courts.

Pursuant to the standards announced in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), Wright's present habeas corpus petition which is dated December 4, 2007 was deemed filed as of that date.  Based upon the above analysis, the applicable one (1) year statute of limitations began to run on October 13, 1999.  It stopped running on July 13, 2000, (after a period of four (4) months) when Petitioner filed a timely PCRA action.  The clock restarted on February 25, 2004 after final disposition of Wright's first PCRA action.  Wright's present federal petition was filed over three (3) years later and since he is not entitled to statutory tolling for the period in which his

---

[4]  § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court.

procedurally defaulted second PCRA action was pending his federal habeas petition, was clearly untimely.

Petitioner's pending motion for reconsideration fails to se forth any basis which would call this Court's computation of the limitations period into question.

**Newly Discovered Evidence**

A habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones*, 195 F.3d at 159, citing *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998). The *Jones* court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[5] Petitioner indicates that he is entitled to equitable tolling due to his presentation of newly discovered evidence which was not considered by the Pennsylvania state courts.

The newly discovered evidence relied upon in the reconsideration motion as warranting a finding of extraordinary circumstances is described as an October 25, 2003 statement by William Gardner who indicates that he was an eyewitness to the shooting underlying Petitioner's criminal conviction. *See* Record document no. 9,

---

[5] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159.

7

Exhibit A.  Gardner indicates that the crime was committed by individuals other than the Petitioner.  However, the existence of Gardner's statement was raised during the course of Wright's second PCRA proceedings and addressed by both the Court of Common Pleas and the Pennsylvania Superior Court.  Based upon an application of the standards set forth in *Miller* and *Jones* to those factors, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling.

In conclusion, Wright's reconsideration motion does not present any facts or arguments which would undermine this Court's prior determination that his petition was not filed within the one (1) year period.  His present claims regarding his Dauphin County conviction and resulting sentence which was imposed on August 5, 1997 were clearly initiated outside of the one (1) year period authorized by § 2244(d). Petitioner's reconsideration motion has failed to establish the presence of any errors of law or fact and it does not set forth any newly discovered evidence or precedent which would establish a basis for equitable tolling of the limitations period.  Wright's motion for reconsideration will be denied.  Consequently,

**IT IS HEREBY ORDERED THAT:**

Petitioner's motion for reconsideration (record document no. 9) is DENIED.

                                                <u>s/James F. McClure, Jr.</u>
                                                James F. McClure, Jr.
                                                United States District Judge